UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMER D. MANSFIELD, | ) |
|       Plaintiff, | ) |
| | )    No. 4:07CV1408 FRB |
|    v. | ) |
| | ) |
| JAMES W. STANLEY JR. and | ) |
| THE STANLEY LAW FIRM, P.A., | ) |
|       Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Presently before this Court is the motion of defendants James W. Stanley, Jr. and the Stanley Law Firm, P.A. ("defendants") for summary judgment (Docket No. 11/filed February 8, 2008). This is a diversity action, and this Court's jurisdiction lies under 28 U.S.C. § 1332. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Procedural Background**

Plaintiff Elmer D. Mansfield ("plaintiff"), a resident of Benton, Missouri, filed his one-count Complaint on August 7, 2007, alleging professional negligence against defendants, residents of Arkansas, stemming from defendants' representation of him in a case concerning certain veterans' benefits. Specifically, plaintiff wished to appeal an adverse decision by the Board of Veterans'

-1-

Appeals ("BVA") to the United States Court of Veterans Appeals ("Court of Veterans Appeals"). Plaintiff had previously been receiving "service connection" benefits for 60% of his back, which was attributed to his service-related knee condition. These benefits were reduced when a subsequent medical examination revealed that only 10% of plaintiff's back disorder was attributable to his service-related knee disorder.

Quoting directly from the Complaint, plaintiff alleges as follows:

> a. The Defendants failed to file an appeal of a denial of Veterans Benefits or a reduction of Veterans Benefits and ratings within the appropriate time at the correct appeal address.
>
> b. The Defendants failed to marshal evidence, supplement the record, provide medical opinions and findings as to the disability of the Plaintiff in his knees and back that were service connected.
>
> c. If an appeal was taken from the decision of the Department of Veterans Affairs, but the appeal was never perfected. As a result, whatever benefits Mr. Mansfield would have had from that date he did not get, and until such time as he appealed it on his own and reinstated that, he did not get any benefits. (sic).
>
> (Docket No. 1/filed August 7, 2007).

Defendants now move this Court for summary judgment, claiming there are no genuine issues of material fact and they are entitled to judgment as a matter of law, attaching numerous exhibits in support.

On March 5, 2008, plaintiff filed a motion requesting an extension of time, until July 15, 2008, to respond to defendants' motion for summary judgment. (Docket No. 15.) As part of his rationale, plaintiff indicated that extra time was needed to allow him to name his expert witness, and then for defendants to depose such witness. On March 6, 2008, this Court granted plaintiff's motion. (Docket No. 17.) To date, plaintiff has not named an expert witness, and has filed nothing in response to defendants' motion for summary judgment.

In the instant motion, defendants argue that plaintiff cannot establish the elements required under Missouri law to recover in a legal malpractice case because he cannot demonstrate that he would have prevailed in the underlying case but for defendants' alleged negligence. As noted above, plaintiff has filed no response.

**II. Legal Analysis**

    A.    <u>Summary Judgment Standard</u>

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). The movant bears the burden of proving entitlement to judgment as a matter of law, and the Court must view

all facts and inferences in the light most favorable to the non-movant.  Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).  Once the movant has demonstrated the absence of disputed material facts, the burden shifts to the adverse party to demonstrate that genuine issues for trial remain.  Anderson, 477 U.S. at 249.  There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id.  The non-movant may not rest upon the pleadings, but must rebut the motion with affidavits or other admissible evidence.  Celotex, 477 U.S. at 324.

As noted, supra, plaintiff filed no response to defendants' motion.  According to Local Rule 7-4.01(E) (E.D. Mo. 2004), "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (district courts have broad discretion to set filing deadlines and enforce local rules; district court did not abuse its discretion when it, after working with the parties regarding the filing schedule, deemed as admitted the facts asserted in a motion for summary judgment where there was no response from the non-movant); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005).  Even so, if the motion and supporting documentation do not establish that there is no genuine question of material fact, the motion must be denied

even in the absence of a response. Heath v. John Morrell & Co., 768 F.2d 245, 249 (8th Cir. 1985).

A. Evidence Before the Court

Viewed in the light most favorable to plaintiff, the uncontroverted facts, taken from defendants' statement of undisputed facts in their motion for summary judgment and the supporting documentation (Docket No. 11-1 through 11-16), herein deemed admitted, are as follows. In September of 1996, physician R. Waltrip, M.D., issued a Veterans Administration ("VA") examination report, opining that plaintiff's service-connected bilateral knee disabilities contributed to a work-related back disorder. Therein, Dr. Waltrip did not address whether all or only part of plaintiff's back disability was contributed to or caused by plaintiff's service-connected knee disability, and offered no opinion regarding what percentage of plaintiff's back disability was attributable to his service-related knee disability.

On or about October 16, 1996, the St. Louis Regional Office of the Department of Veterans Affairs ("RO") granted plaintiff service connection benefits for 60% of his back condition, effective as of July 24, 1996.

Plaintiff underwent another VA medical examination in June of 1997. That examiner issued an opinion on August 6, 1997, opining that plaintiff's back condition was only mildly exacerbated by his knee condition, specifically stating that plaintiff's service-related knee condition accounted for only 10% of his back

condition. On or about September 8, 1997, the RO issued a rating decision proposing a reduction of the rating for plaintiff's "service related" back disability from 60% to 10%. Plaintiff was advised of the proposal, and of the subsequent decision of the RO, effective February 1, 1998, that plaintiff's rating for the service-connected back disability was reduced from 60% to 10%.

On September 25, 1998, the Veterans Service Center certified plaintiff's appeal to the BVA of the foregoing rating decisions. The record presented to the BVA contained no medical opinion contradicting the August 6, 1997 examiner's opinion that only 10% of plaintiff's back disability was caused or aggravated by plaintiff's service-related knee disability.

On September 3, 1999, the BVA denied plaintiff's appeal of the RO's decision to reduce the evaluation of his service-connected back condition from 60% to 10%. In support of its decision denying plaintiff's appeal, the BVA cited to the August 6, 1997 examiner's opinion as the most recent VA examination report that only 10% of plaintiff's back symptoms were due to his service-connected knee disability, and further indicated that it had analyzed that medical opinion according to the diagnostic code referable to the evaluation of plaintiff's alleged disability, 38 C.F.R. § 4.71a, Diagnostic Code 5293. (Docket No. 11-14 at 9.).

In December 1999, plaintiff retained defendants as his attorneys to represent him in the underlying matter. During his deposition in the instant case, plaintiff repeatedly testified

that he did not intend for defendants to pursue an appeal of the BVA decision with respect to the evaluation of plaintiff's knee disabilities. Plaintiff also testified that he never obtained a medical opinion that his back condition was more than 10% service-related.

**II. Legal Analysis**

In this diversity action, this Court applies Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

In Missouri, a plaintiff pursuing a claim for legal malpractice must establish four elements in order to prevail at trial. Those elements are: (1) the existence of an attorney-client relationship (which defendants herein admit); (2) either negligence or breach of contract by the defendant; (3) such negligence or breach of contract was the proximate cause of plaintiff's damages; and (4) plaintiff was damaged. State ex rel. Selimanovic v. Dierker, 246 S.W.3d 931, 933 (Mo. 2008); Klemme v. Best, 941 S.W.2d 493, 495 (Mo. banc 1997). To prove damages, the plaintiff must prove that, but for the attorney's wrongful conduct, the result in the underlying proceeding would have been different. Mogley v. Fleming, 11 S.W.3d 740, 747 (Mo. Ct. App. 1999) (citing Egan v. Craig, 967 S.W.2d 120, 124 (Mo. Ct. App. 1998)).

A. <u>Plaintiff's Claim that Defendants Failed to Marshal Supplemental Evidence for Plaintiff's Appeal to the Court of Veterans Appeals</u>

Plaintiff alleges that defendants were negligent by not marshaling evidence to supplement the record for his appeal of the BVA's decision to the Court of Veterans Appeals. In their motion for summary judgment, defendants argue that plaintiff cannot prevail, inasmuch as he cannot prove that, but for defendants' allegedly wrongful conduct, the result of the underlying proceeding would have been different. In support, defendants argue that, because they did not begin representing plaintiff until after the BVA's decision, any evidence they could have gathered would have necessarily post-dated such decision, and would therefore have been inadmissible as a matter of law. The undersigned agrees.

As a matter of law, evidence obtained since the BVA'S decision could not be made part of the record on appeal before the Court of Veterans Appeals. <u>Hartog v. Derwinski</u>, 2 Vet. App. 194 (1992).[1] In <u>Hartog</u>, appellant sought to introduce evidence to the Court of Veterans Appeals that had not been considered by the BVA because his representative had failed to submit it. <u>Id.</u> The court noted that review of BVA decisions by the Court of Veterans Appeals was statutorily restricted to the record of proceedings before the Secretary and the BVA. <u>Id.</u> (citing 38 U.S.C. § 7252(b)). The court noted that, while such evidence may be submitted to a

---

[1] Unless otherwise indicated, citations are to the United States Court of Veterans Appeals.

regional VA office in an attempt to reopen a former claim, it may not be made part of the record before the Court of Veterans Appeals. Id.; see also Green v. Derwinski, 1 Vet. App. 121 (1991) (even though appellant's self-diagnosis of his condition may have been probative evidence, the Court of Veterans Appeals was precluded from addressing it because it was not in the record of the proceedings before the BVA); Rogozinski v. Derwinski, 1 Vet. App. 19 (1990) (medical records which had not been proffered to the BVA at the time it rendered its decision were precluded from review by the Court of Veterans Appeals because they were not part of the proceedings before the Administrator and BVA under 38 U.S.C. § 4052(b)).

Because defendants did not begin representing plaintiff until after the BVA's decision, they cannot be found negligent for failing to gather additional evidence to present to the Court of Veterans Appeals, inasmuch as the Court of Veterans Appeals would have been prohibited from considering such evidence. Based upon the undisputed material facts, the only evidence before the BVA concerning the percentage of plaintiff's back disability deemed attributable to his service-related knee disorder was the aforementioned August 6, 1997 report. Therefore, as a matter of law, even if the defendants had marshaled additional evidence supporting plaintiff's claims and submitted such evidence to the Court of Veterans Appeals, such evidence would not have been considered inasmuch as it was not part of the record before the

BVA.

The record before this Court contains no evidence which would allow a jury to return a verdict in plaintiff's favor, inasmuch as he cannot establish the elements of legal malpractice as such is defined under Missouri law. Considering the admitted facts in light of the relevant law, the undersigned finds that, based upon the merits, the defendants' motion for summary judgment establishes that there is no genuine question of material fact, and defendants are entitled to judgment as a matter of law on the issue of whether they were negligent in failing to marshal evidence to present to the Court of Veterans Appeals.

> A. <u>Plaintiff's Claim that Defendants Failed to Appeal or Perfect his Appeal of the BVA Decision to the Court of Veterans Appeals</u>

In his Complaint, plaintiff also contends that defendants were negligent inasmuch as they "failed to file an appeal of a denial of Veterans Benefits or a reduction of Veterans Benefits and ratings within the appropriate time at the correct appeal address." (Docket No. 1 at 2.) As noted, <u>supra</u>, in their statement of undisputed facts and in their motion for summary judgment, defendants allege that plaintiff testified during his deposition that he never intended for defendants to pursue an appeal of the BVA decision with respect to the evaluation of his knee disabilities. Defendants attach a copy of plaintiff's deposition to this effect. (Docket No. 11-16.) Defendants argue that the BVA'S determination that plaintiff's back condition was only 10%

service-connected was a finding of fact and, because the Court of Veterans Appeals applies a highly deferential standard to the BVA's findings of fact, an appeal of the BVA decision would have been unsuccessful. Defendants conclude that, because plaintiff would be unable to prove that he would have prevailed on appeal but for defendants' alleged negligence, he would be unable to state a cause of action for legal malpractice as such is defined in Missouri. The undersigned agrees.

Again, in Missouri, to prevail on a claim of legal malpractice, plaintiff must demonstrate, <u>inter</u> <u>alia</u>, that the attorney's alleged negligence was the proximate cause of plaintiff's damages, <u>State ex rel. Selimanovic</u>, 246 S.W.3d at 933; <u>Klemme</u>, 941 S.W.2d at 495, and that, but for such negligence, the result in the underlying proceeding would have been different. <u>Mogley</u>, 11 S.W.3d at 747.

As defendants correctly note, the BVA's finding that plaintiff's back condition was only 10% related to his service-related knee disability is a finding of fact, and would have been entitled to a very deferential standard of review in the Court of Veterans Appeals. "A finding of service connection is a finding of fact reviewed under the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4)." <u>Dalton v. Nicholson</u>, 21 Vet. App. 23, 36 (2007) (citing <u>Russo v. Brown</u>, 9 Vet. App. 46, 50 (1996) and <u>Swann v. Brown</u>, 5 Vet. App. 229, 232 (1993)). "A factual finding 'is "clearly erroneous" when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Dalton, 21 Vet. App. at 26 (citing Hersey v. Derwinski, 2 Vet. App. 91, 94 (1992) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

It is not the function of the Court of Veterans Appeals to decide whether a veteran was injured or whether any such injury was service connected. Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). Rather, it is the Court of Veterans Appeals' function to decide whether the BVA's findings of fact constituted clear error. Id. "In practical terms, under the "clearly erroneous" rule this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a "plausible" basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." Id.

In the instant case, the undisputed evidence is that the medical opinion that only 10% of plaintiff's back disability was caused by his service-related knee condition was undisputed when plaintiff's case was presented to the BVA. As defendants assert, there was nothing in the record before the BVA contradicting this opinion, and plaintiff in fact testified that he had never obtained any opinion indicating that his back condition was more than 10% service-related. The record before the BVA indeed contained the September 1996 medical opinion, which predated the August 6, 1997

-12-

opinion and concluded that there was some service connection referable to plaintiff's back. However, the September 1996 opinion did not address the issue of how much of plaintiff's back was related to his service-connected knee condition, and it thus cannot be said that it contradicts the August 6, 1997 opinion. Furthermore, as noted above, the BVA indicated that it had analyzed the VA medical opinion according to the diagnostic code referable to the evaluation of plaintiff's alleged disability, 38 C.F.R. § 4.71a, Diagnostic Code 5293. (Docket No. 11-14 at 9.)

Veterans Administration medical examination findings, such as the one at issue in this case, have repeatedly been found by the Court of Veterans Appeals to have provided a "plausible basis" for the BVA's denial of service connection. Flynn v. Brown, 6 Vet. App. 500 (1994) (VA examination findings provided plausible basis for BVA denial of service connection for hypertension as secondary to service-connected diabetes mellitus); Welch v. West, 16 Vet. App. 459 (1999) (unpublished decision) (BVA's decision was plausible when BVA referred to the findings of a September 1993 VA medical examination, and analyzed that information under the relevant diagnostic codes).

The record before this Court contains no evidence that the Court of Veterans Appeals would have found that the BVA's decision was implausible and "clearly erroneous." The record before this Court therefore contains no evidence which would allow a jury to return a verdict in plaintiff's favor, inasmuch as he

-13-

would be unable to prove, as required by Missouri law, that the result of the underlying proceedings would have been different had the allegedly negligent acts not occurred.  Considering the admitted facts in light of the relevant law, the undersigned finds that, based upon the merits, defendants' motion for summary judgment establishes that there is no genuine question of material fact, and defendant is entitled to judgment as a matter of law on the issue of whether they failed to file an appeal of a denial of Veterans Benefits or a reduction of Veterans Benefits and ratings within the appropriate time at the correct appeal address.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (Docket No. 11/filed February 8, 2008) is **GRANTED** as provided herein.

/s/ Frederick R. Buckles
_____
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2008.