UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMER D. MANSFIELD, | ) |
| Plaintiff, | ) |
| | ) No. 4:07CV1408 FRB |
| v. | ) |
| | ) |
| JAMES W. STANLEY JR. and | ) |
| THE STANLEY LAW FIRM, P.A., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before this Court is the Motion of plaintiff Elmer D. Mansfield ("plaintiff") to Set Aside the Order Granting Summary Judgment, or for a New Trial (Docket No. 22/filed October 10, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

I.  Procedural Background

Plaintiff filed this professional negligence action against defendants on August 7, 2007, alleging that defendants failed to file an appeal of a denial of Veteran's Benefits, and failed to marshal evidence on his behalf.[1] Defendants filed an

---

[1] In 2005, plaintiff filed a professional negligence action against these defendants, which plaintiff subsequently moved to dismiss after advising this Court that he had been unable to find an expert to testify on his behalf. (Case Number 4:05CV01027).

-1-

Answer, and on February 8, 2008, filed a motion for summary judgment. On March 5, 2008, plaintiff filed a motion for an extension of time to respond to defendants' motion for summary judgment, and asked that he be granted more than four additional months, until July 17, 2008, to allow him to name and depose an expert witness. On March 6, 2008, this Court granted plaintiff's motion, giving plaintiff the extension date he requested.

Thereafter, plaintiff neither responded to the pending motion for summary judgment, nor filed a motion for a further extension of time to do so. Hearing nothing from plaintiff, this Court then took up and considered defendants' summary judgment motion. The motion was granted on September 30, 2008.

On October 10, 2008, plaintiff filed the instant Motion to Set Aside the Order Granting Summary Judgment or For a New Trial (Docket No. 22), based upon Fed. R. Civ. P. 60(b), arguing inadvertence, excusable neglect, and newly discovered evidence. In support, plaintiff argues that his failure to reply to defendants' motion for summary judgment was inadvertent, and that he forgot the deadline. Plaintiff also states that he had trouble advancing his case due to the "paucity of expertise," and states that he had to travel out of town for the depositions of expert witnesses Michael Dolan and Theodore Jarvi.[2] (Docket No. 24 at page 5). Plaintiff also characterizes the depositions of Messrs. Dolan and Jarvi as

---

[2]The record reflects that Mr. Dolan was deposed on June 27, 2008, and Mr. Jarvi was deposed on September 11, 2008

-2-

"newly discovered evidence" warranting relief, and argues that they support his claims against defendants. Plaintiff also submits that his current filings are within this Court's original Case Management Order, which provided that dispositive motions were to be filed no later than October 15, 2008.[3] In response, defendants argue that plaintiff failed to respond to their motion for summary judgment despite ample opportunity, and relief under Rule 60(b) is unavailable in cases of incompetence or carelessness. For the following reasons, plaintiff's arguments are unavailing.

II. Legal Analysis

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment for the reasons of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(2) allows the same relief on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2).[4] Rule 60(b) is to be given liberal construction so as to do substantial justice. MIF Realty L.P. v. Rochester Associates, 92 F.3d 752, 755 (8th Cir. 1996).

A. Rule 60(b)(1)

The undersigned will first consider plaintiff's arguments concerning excusable neglect. The neglect contemplated by Rule

---

[3]While plaintiff indicates that he also wishes to move for a new trial, he makes no arguments referable to Rule 59.

[4]Fed.R.Civ.P. 59(b) provides that a motion for new trial must be filed no later than ten days after the entry of judgment.

60(b)(1) applies to situations involving the negligent failure to comply with a filing deadline. Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (citing Union Pacific R. Co. v. Progress Rail Services Corp., 256 F.3d 781, 782 (8th Cir. 2001) (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394 (1993)). In assessing whether such neglect is "excusable," however, several factors are relevant, including (1) the danger or prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. Pioneer, 507 U.S. at 395.[5] The Eighth Circuit has noted that the four Pioneer factors do not carry equal weight, and that "the reason for the delay is a key factor in the analysis." In re Guidant Corp. Implantable Defibrillators, 496 F.3d 863, 867 (8th Cir. 2007) (citing Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).[6]

    1.    <u>The Length of the Delay and its Potential Impact on Judicial Proceedings</u>

Considering the second Pioneer factor first, the

---

[5] As the Eighth Circuit has previously noted, Pioneer addressed Bankruptcy Rule 9006(b)(1), but the Court based its analysis in part on the parallel language in Rule 60(b)(1). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (citing Pioneer, 507 U.S. at 391-94).

[6] The Guidant court noted that, while district courts are strongly encouraged to consider the Pioneer factors in considering whether neglect is excusable under Rule 60(b)(1), failure to do so does not mandate an automatic reversal. Guidant, 496 F.3d at 866-867, n. 3 (citing Gibbons v. United States, 317 F.3d 852, 854 n. 4 (8th Cir. 2003).

undersigned finds that the delay in this case, and its potential impact upon the court proceedings, is significant. As noted above, defendants filed their motion for summary judgment on February 8, 2008. On March 5, 2008, plaintiff moved for additional time to file a response, and specifically requested that he be given until July 15, 2008 to respond, more than five months after the motion for summary judgment was filed, stating that the extension would allow him to name and depose an expert witness. This Court granted plaintiff's motion the following day. The July date elapsed, and plaintiff filed nothing. In fact, plaintiff filed nothing whatsoever until October 10, 2008, eight months after the motion for summary judgment was filed, and more than two months after the elapse of the deadline plaintiff himself requested.

Furthermore, the potential impact on the judicial proceedings is significant. As plaintiff himself notes, "[t]his court is all too familiar with this counsel." (Docket No. 24 at page 5). This is certainly not the first time this attorney has failed to comply with a deadline or an order imposed by this Court, and this Court has no reason to believe that, if the relief he herein requests were granted, he would not again delay or otherwise disrupt the operation of the judicial proceedings by flouting Court rules and/or deadlines.

2.  The Danger of Prejudice to the Non-Moving Party

While the danger of prejudice to defendants might not be dispositive, it is not insignificant. As noted above, this is the

second time plaintiff has sued these defendants, first dismissing his case against them due to his failure to find an expert, and later failing to respond to defendants' properly pleaded motion for summary judgment despite ample opportunity to do so. Expecting these defendants, who have observed this Court's rules and deadlines, to resume defending themselves against an opponent who flouts the rules and suffers no consequences would simply be unfair. Furthermore, defendants have rightfully believed this matter concluded, and have presumably diverted their attention elsewhere. Granting plaintiff's request for relief would require them to suddenly begin defending this action once again, while plaintiff has had the opportunity to continue to work on his case.

   3.   Good Faith

In determining whether a party has acted in good faith, the Eighth Circuit distinguishes between "contumacious or intentional delay or disregard for deadlines or procedural rules, and a marginal failure to meet pleading or other deadlines." Johnson, 140 F.3d at 784. While the latter is often excused, the former is excused rarely, if ever. Id.

In the case at bar, there was nothing "marginal" about plaintiff's failure to comply with the summary judgment response deadline. First, this case does not concern a party who was somewhat late in filing a responsive pleading; this case concerns a party who completely disregarded a deadline that was extended at his request, and who still filed nothing until after this Court

granted defendants' motion for summary judgment. To explain this, plaintiff herein merely states that he forgot the deadline; that he had trouble finding an expert; and had traveled out of town for expert depositions. The Eighth Circuit has held that carelessly forgetting a deadline, or being ignorant thereof, is not considered "excusable" neglect under Rule 60(b)(1). Noah, 408 F.3d at 1045 (citing Hunt, 203 F.3d at 528 n. 3 and Hoffman, 405 F.2d at 835)). Plaintiff's failure herein was a blatant disregard for the deadlines and procedure imposed by this Court. The undersigned therefore concludes that plaintiff did not act in good faith.

    4.   <u>The Reason for the Delay</u>

Plaintiff offers no reasonable excuse for his failure to observe the deadline, nor does he demonstrate that his failure to respond was beyond his control. Forgetting a deadline is not an acceptable reason. Noah, 408 F.3d at 1045 (carelessly forgetting a deadline is not "excusable" neglect under Rule 60(b)). Furthermore, this excuse does not present a reason for plaintiff's neglect that was beyond his control, inasmuch as he does not argue that illness or some other such situation caused him to forget. The undersigned again notes that this is not a situation in which plaintiff was a short while late filing a response; this is a case in which plaintiff completely ignored a deadline for many months, and filed nothing until after this Court granted defendants' motion for summary judgment.

The only other reason plaintiff cites is his attendance

-7-

at two out-of-town depositions.  However, the undersigned notes that Mr. Dolan was deposed on June 27, 2008, and Mr. Jarvi was deposed on September 11, 2008.  Mr. Dolan's deposition was the only one scheduled before the July deadline, and it cannot be said that being required to attend one out-of-town deposition is a reasonable basis for failing to adhere to a deadline; nor can it be said that this situation amounts to circumstances beyond his reasonable control.  The undersigned further notes that the record does not show that plaintiff attempted to mitigate any harm or inconvenience to others by informing the Court or others that he was burdened to an extent that precluded his compliance with the July deadline.

Plaintiff's assertion that he is now within the time limitations imposed in the original Case Management Order for filing dispositive motions is unavailing.  The deadline plaintiff ignored was for filing a responsive pleading to defendants' motion for summary judgment, not for filing a dispositive motion.  The Case Management Order plaintiff references provided that responses to dispositive motions were to be filed within thirty days.  As repeatedly noted above, plaintiff was relieved of that thirty-day deadline, and granted a generous extension to a date of his choosing.

In short, the errors in this case epitomize the type of professional carelessness that the Eighth Circuit has recognized as not warranting relief under Rule 60(b)(1).  <u>Guidant</u>, 496 F.3d at 868, (citing <u>Inman v. American Home Furniture Placement, Inc.</u>, 120

F.3d 117, 119 (8th Cir. 1997) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness")); Noah, 408 F.3d at 1045 (carelessly forgetting a deadline is not "excusable" neglect under Rule 60(b)). Plaintiff has not demonstrated that the facts surrounding his failure to reply to defendants' motion for summary judgment amounted to excusable neglect on his part within the meaning of Rule 60(b)(1). All of the relevant circumstances of this case weigh heavily against granting plaintiff's requested relief. Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000)(quoting Pioneer, 507 U.S. at 395) (whether a party's neglect of a deadline is excusable is an equitable decision that turns on all of the relevant circumstances surrounding the neglect.")). Consideration of the Pioneer factors yields the conclusion that plaintiff is not entitled to relief under Rule 60(b)(1) for excusable neglect.

Plaintiff also states that his Rule 60(b)(1) motion is based upon "inadvertence," although the only inadvertence plaintiff identifies is that he "inadvertently" missed the deadline. This argument has been addressed in detail above.

B.  Rule 60(b)(2)

Plaintiff also requests the relief available under Rule 60(b)(2) for newly discovered evidence, citing the partially-provided deposition transcripts of Messrs. Dolan and Jarvi. Plaintiff's argument is unavailing.

A Rule 60(b)(2) motion based on the discovery of new

evidence must show (1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, **and** (5) that the evidence would probably have produced a different result.  Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007) (citing United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 n. 3 (8th Cir. 2006) ("Rule 59(e) or Rule 60(b)(2) are analyzed identically")) (emphasis added); see also Miller v. Baker Implement Co., 439 F.3d 407, 414 (8th Cir. 2006).

Plaintiff's argument fails because he cannot establish the threshold element, which requires him to demonstrate that the evidence was discovered after the court's order.  Both depositions pre-date this Court's Order, and plaintiff himself advises this Court that he personally traveled out of town to attend both depositions.  The evidence plaintiff cites is not newly discovered evidence, and therefore cannot support relief under Rule 60(b)(2).

C.  Substantial Injustice

Finally, it cannot be said that Rule 60(b) relief is necessary in this case to avoid a substantial injustice.  While plaintiff argues that the expert depositions support his professional negligence allegations, examination of the portions of the depositions plaintiff provided reveal that this is most likely

a generous interpretation.

It is first important to note that plaintiff did not provide this Court with complete copies of these depositions, providing only eight pages of each. It is apparent that many pages were omitted. As a result, the witness testimony often ends mid-sentence on one page, and the next sequential page is not provided. Also, the testimony that is provided in complete sentences often appears to pick up in the middle of a longer discussion. The reader is therefore not always entirely sure of the context of the witness's testimony, which erodes confidence in relying upon what the witnesses appear to be saying. Also notable is the fact that, in some portions of Mr. Dolan's deposition, the ink is so faint that the words are illegible.

Even so, the undersigned was able to discern, from Mr. Dolan's deposition, the following quote: "First let me make it clear, I'm not critical of Mr. Stanley for anything." (Docket No. 24-2 at pages 4-5). Later, there was the following exchange:

Question: Are you prepared to testify that Mr. Stanley breached the standard of care for an attorney undertaking veterans' benefits claims in his handling of this case?

Answer: I didn't opine on that in my report. I did say that there was an issue of neglect, I believe was the phrase I used. I am not a professional liability lawyer, and particularly I'm not admitted in

(Id. at page 6).

The testimony ends there, and plaintiff does not provide the following page. While it appears, from this and other portions of Mr. Dolan's deposition, that he observed a lack of effective communication between the parties, the undersigned cannot say with any degree of certainty that Mr. Dolan's deposition supports the conclusion that a substantial injustice would result should plaintiff not receive the relief he requests.

Turning to Mr. Jarvi's deposition (also only partially provided), it seems that he also observed a lack of effective communication between the parties, but that plaintiff was only minimally harmed. (Docket No. 24-3 at page 8). Furthermore, Mr. Jarvi's testimony appears to focus on Mr. Stanley's decision to decline to appeal a decision referable to plaintiff's knees. Mr. Jarvi testified that he found no fault with defendants' failure to appeal under the circumstances, inasmuch as plaintiff was only interested in appealing his back claim, not his knee claim. (Id. at page 2). Consistent with this, the undersigned notes that, in plaintiff's previously-provided deposition, he testified that he did not ask defendants to file an appeal regarding his knees, because he was dissatisfied with the decision referable to his back. (Docket No. 11-16 at pages 5, 6). As with Mr. Dolan's deposition, the undersigned cannot say that Mr. Jarvi's deposition supports the conclusion that a substantial injustice would result

should plaintiff not receive the relief he herein requests.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Set Aside the Order Granting Summary Judgment or For a New Trial (Docket No. 22/filed October 10, 2008) is **DENIED.**

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of June, 2009.